**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEROME LESLIE CLEMMONS, an
individual, on behalf and as class
representative

        Plaintiff - Appellant,

 v.

CITY OF LONG BEACH, a municipal
corporation; Anthony Batts, an individual;
SKEEN #6060 Long Beach Officer;
MARTIN, #7123 Long Beach Officer;
VANDEN BOSCH, #006064 Long Beach
Officer;

        Defendants, and

COUNTY OF LOS ANGELES; LOS
ANGELES COUNTY SHERIFF'S
DEPARTMENT, a local public entity,

        Defendants - Appellees

No. 08-56686

D.C. No. 2:05-cv-05525-AHM-SH

MEMORANDUM *

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 2, 2010
Pasadena, California

Before: KLEINFELD, WARDLAW and CALLAHAN, Circuit Judges.

Jerome Clemmons ("Jerome") appeals the grant of summary judgment in favor of the Los Angeles County Sheriff's Department and the County of Los Angeles (the "County") on his § 1983 *Monell* claim of wrongful incarceration in derogation of his due process rights. We affirm.

The district court correctly concluded that the County violated Jerome's Fourteenth Amendment due process rights when it detained him for twenty-two days under a warrant that named a different person—James Clemmons. *See Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam). Jerome was arrested by City of Long Beach police officers on a warrant for the arrest of one "James Clemmons."[1] Jerome was then taken to court, where a judge ordered him remanded to the custody of the County jail. Pursuant to the judge's remand order, the County then detained Jerome for twenty-two days, when it finally learned of the mistaken identification underlying the arrest. Viewing the facts in a light most favorable to Jerome, and based on his deposition testimony, Jerome repeatedly protested his mistaken identity during his incarceration. Despite this, the County

---

[1]The City of Long Beach defendants entered into a settlement agreement with Clemmons and are no longer a party to this action.

failed to verify that Jerome was not the "James Clemmons" named in the warrant until July 19, 2004. The County's failure to do so deprived Jerome of the due process to which he was entitled. *Id.*

Although Jerome's constitutional rights were violated, the County may be liable under 42 U.S.C. § 1983 only if it its employees acted pursuant to an unconstitutional policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The County in fact had a policy in place to avoid incidents of mistaken arrest and detention, which the district court correctly concluded is constitutional. The County's "Disputed Warrant Verification" process requires County employees to promptly investigate complaints of mistaken identity, record such complaints in a log book, and release detainees upon confirmation that the detention is based on mistaken identification. Thus, the County is not deliberately indifferent to such claims of deprivation of constitutional rights. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Jerome failed to establish that the County had an informal policy of disregarding the Disputed Warrant Verification process. The evidence showed to the contrary: that County employees regularly investigate mistaken identity claims and release detainees upon verification that they are not the person named in the warrant. Jerome's showing that the County detained the wrong person on two

3

prior occasions is insufficient to withstand summary judgment. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Because the County cannot be held liable under § 1983 for its employees' isolated failure to abide by a constitutional policy, the district court correctly entered summary judgment in its favor. *Monell*, 436 U.S. at 690-91.

Assuming that Jerome's allegations about repeated protests of mistaken identity are true, then if the County employees had followed County policy Jerome's twenty-two day wrongful detention could have been prevented. The County should take the necessary steps to ensure that its constitutional policy is being followed. If sufficient evidence should demonstrate that the policy is only honored in the breach, the conclusion that the County acts in accordance with a constitutional policy would be undercut.

**AFFIRMED.**